## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

     Plaintiff,

v.                              No. 13-cr-30059-DRH

MAURICE HARRIS,

     Defendant.

## MEMORANDUM and ORDER

**HERNDON, District Judge:**

Now before the Court is Harris' motion for early termination of supervised release (Doc. 41). The government, in agreement with the United States Probation Office's position, opposes the motion (Doc. 44). Based on the record and the applicable law, the Court agrees with the government and finds that early termination of supervised release is not warranted.

On June 6, 2014, the Court sentenced Harris for being a Felon in Possession of a Firearm and imposed a 37-month term of imprisonment with a 3-year term of Supervised release (Doc. 37). Harris' supervised release began on or about April 17, 2017.

Pursuant to 18 U.S.C. § 3583, the Court may grant early termination of supervised release at any time after the expiration of one year if, after considering certain factors set forth in 18 U.S.C. § 3553, the Court finds

that "such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). The factors that must be considered are:

- the nature and circumstances of the offense and the characteristics of the defendant (18 U.S.C. § 3553(a)(1));
- the need for the sentence imposed to afford adequate deterrence to criminal conduct (18 U.S.C. § 3553(a)(2)(B));
- the need for the sentence imposed to protect the public from further crimes of the defendant (18 U.S.C. § 3553(a)(2)(C));
- the need to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner (18 U.S.C. § 3553(a)(2)(D));
- the kinds of sentence and the sentencing range established for the applicable category of offense committed by the applicable category of defendant and any pertinent policy statements issued by the Sentencing Commission (18 U.S.C. § 3553(a)(4), (a)(5));
- the need to avoid unwarranted sentencing disparities (18 U.S.C. § 3553(a)(6)); and,
- the need to provide restitution to any victims of the offense (18 U.S.C. § 3553(a)(7)).

Whether to grant a motion for early termination of supervised release is entirely within the discretion of the district court. *United States v. Temple*, 464 Fed.Appx. 541, 544 (7th Cir. 2012); *United States v. Hook*, 471 F.3d 766, 771 (7th Cir. 2006). However, the district judge must give some indication that he considered the relevant statutory factors. *Id.* The Court need not make explicit findings on each of the relevant factors, but the record must reveal the court gave consideration to the § 3553(a) factors. *United States v. Lowe*, 632 F.3d 996, 998 (7th Cir. 2011) (reversing the denial of a motion for early termination of supervised release where the district court did not consider the proper statutory factors and the Government and probation office did not object to the motion). The Seventh Circuit has held that a hearing is not required before

denying a request for modification. *See United States v. Nonahal,* 338 F.3d 668, 671 (7th Cir. 2003); *see also United States v. Reagan,* 162 Fed.Appx. 912, 913 (11th Cir. 2006) (finding that no hearing was required before the district court denied a request for early termination of supervised release).

Here, Harris meets the initial requirement – he has been on supervised release for over 1 year (19 months). Therefore, the Court must determine whether Harris' conduct and the interests of justice warrant termination. Having considered the relevant 18 U.S.C. § 3583(e) factors, the Court denies the request. The Court finds that Harris fails to make the necessary showing to warrant early termination of his supervised release. At sentencing, the Court ordered a 3-year term of supervised release. Thus, Harris has only served a little more than 50% of his supervised release. Furthermore, probation and the government's objections are reasonable based on the facts and history of the case. Importantly, less than one year into his term of supervision, Harris committed a serious traffic offense of Driving While Intoxicated. Harris' federal supervised release conditions were modified, and he was placed on location monitoring and remote access. Harris pleaded guilty to the state offense and was sentenced to 90 days in jail, suspended, and placed on two years of unsupervised release.

Given Harris' history of alcohol related offenses dating from 1999 to 2013, the Court finds that Harris can still benefit from supervision and treatment. At the time of his sentencing, the Court determined that a 3-year term of Supervised

Release was appropriate. Continued supervision will provide Harris incentive to continue treatment and prove that he is no longer a danger to the community.

Accordingly, the Court **DENIES** the motion for early termination of supervised release (Doc. 41).

**IT IS SO ORDERED.**

Judge Herndon
2018.12.05 12:46:27
-06'00'

**United States District Judge**